IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CLEMENTE SUAREZ, #668763 § | |
| § | |
| VS. § | CIVIL ACTION NO. V-14-029 |
| § | |
| SHARON KELLER § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States District Judge, is the "Petition for Writ of Mandamus" filed by Clemente Suarez, on April 17, 2014.

In his petition Suarez asks this Court to intervene in a closed habeas case that was pending in state court and order the Texas Court of Criminal Appeals to vacate its Order denying his habeas petition "without written order" and, instead, issue written Findings and an Opinion as required, in his view, by Rule 77.1 of the Texas Rules of Appellate Procedure. As Suarez was informed in an order issued by this Court on April 28, 2014, a United States District Court has no superintending function over state court proceedings. Robinson v. Illinois, 752 F.Supp. 248 (N.D. Ill. 1990)   An action in mandamus to direct state courts or their judicial officers in the performance of their duties is not within the jurisdiction of the United States District Courts under 28 U.S.C. §§ 1361 or 2254.  McMahan v. Oklahoma, 412 F.Supp. 639 (W.D. Okla. 1975) (§ 1361) See also Hutchinson v. Casey, 507 F.Supp. 521, 525 (S.D. Ohio 1981) (§ 2254)   The District Court simply lacks the subject matter

jurisdiction to consider Suarez's application and it is, therefore, the **RECOMMENDATION** of this Court that Suarez's "Petition for Writ of Mandamus" be **SUMMARILY DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Suarez by the means in place for transmission of same. Suarez **SHALL** have until **June 6, 2014**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____12th_____ day of May, 2014.

                                                                            _____
                                                                            John R. Froeschner
                                                                            United States Magistrate Judge